**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JERRELL P. SQUYRES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:12-cv-02348-B |
| v. | § | |
| | § | Hon. Jane J. Boyle |
| THE HEICO COMPANIES, LLC, | § | |
| S-LINE, LLC, AND | § | |
| ANCRA INTERNATIONAL, LLC, | § | |
| | § | |
| Defendants. | § | |

**UNOPPOSED MOTION FOR LEAVE TO MODIFY THE SCHEDULING ORDER**

COMES NOW, Defendants the Heico Companies, LLC, S-Line, LLC, and Ancra International, LLC (collectively, "Defendants") and hereby move this Court for leave to modify section 10 of the Scheduling Order (Dkt. 27), as amended by the Court's June 13, 2013 Order (Dkt. No. 40). Specifically, Defendants seek leave to hold the November 5, 2013 settlement conference by phone, and hold a later in-person settlement conference during the week of November 10, 2013 if the initial telephonic settlement conference is unsuccessful. Counsel for Defendants have conferred with counsel for Plaintiff Jerrell P. Squyres ("Planitiff"), and counsel for Plaintiff does not oppose this motion and agrees to the structure set-out below. A dispositive motion is already fully briefed and before the Court and Defendants' proposed modification of the Scheduling Order will not interfere with the pending trial or pretrial conference dates set by this Court. Accordingly, Defendants can show good cause for this Unopposed Motion for Leave to Modify the Scheduling Order under Federal Rule of Civil Procedure 16(b)(4) and section 11 of the Scheduling Order, and in support thereof would show as follows:

1.       Defendants' motion for summary judgment is fully briefed and currently before this Court. Defendants filed their brief in support of their motion for summary judgment on July

29, 2013. (Dkt. No. 53.) Plaintiff filed his response brief in opposition to the motion for summary judgment on August 26, 2013. (Dkt. No. 68.) Defendants filed their reply brief in further support of their motion for summary judgment on September 9, 2013. (Dkt. No. 74.)

2.      On August 8, 2013, the parties began settlement negotiations by engaging in an eight-hour mediation before the Honorable Harlan A. Martin. (Dkt. No. 56.) Representatives and counsel for Defendants traveled from Chicago, Illinois to Dallas, Texas for this mediation, but the parties were unable to reach a mutually-agreeable settlement. (*Id.*) The parties incurred significant expenses related to this mediation, including a $5,350 mediation fee and expenses for travel and accommodations for Defendants' representative and counsel. (*Id.*)

3.      Pursuant to the Scheduling Order, as modified by the June 13, 2013 Order, the parties must hold a settlement conference by November 5, 2013. (Dkt. Nos. 27, 40.) This settlement conference must be "face-to-face" and "not by telephone or other remote means." (Dkt. No. 27.)

4.      On October 30, 2013, counsel for Defendants contacted counsel for Plaintiff to schedule this in-person settlement conference. On November 1, 2013, counsel for Plaintiff responded that Plaintiff would be available to meet in Dallas, Texas on November 4 or November 5, 2013. Defendants are available to meet in Chicago, Illinois on November 5, 2013.

5.      Representatives for Defendants and counsel for Defendants are scheduled to be in Dallas, Texas during the week of November 10, 2013 to prepare for the upcoming pretrial conference and trial in this matter.

6.      Defendants seek leave to modify the scheduling order to allow for a telephone settlement conference on November 5, 2013. Plaintiff, counsel for Plaintiff, representatives for Defendants, counsel for Defendants, and representatives for Defendants' liability insurance

carrier are available to attend this settlement conference by phone. Furthermore, if the parties cannot reach a mutually-agreeable settlement at this telephonic conference, the parties will agree on the call to a date for an in-person settlement conference for the week of November 10, 2013. The parties will promptly file a joint settlement report after the telephonic settlement conference (if successful) or after the subsequent in-person settlement conference.

7.     Defendants are serious about pursuing the possibility of settlement, and have already devoted significant resources of time and money to mediation of this matter. Defendants believe that holding the November 5, 2013 settlement conference by telephone will not impair the parties' settlement negotiations. However, if the telephonic settlement conference is unsuccessful Defendants are committed to meeting with Plaintiff in-person on Defendants' scheduled trip to Dallas, Texas during the week of November 10, 2013.

8.     Counsel for Defendants have conferred with counsel for Plaintiff, and counsel for Plaintiff does not oppose this motion and agrees to the structure set-out above.

9.     Defendants do not bring this unopposed Motion for the purpose of unduly delaying this matter. Instead, Defendants seek leave to modify the Scheduling Order for the purpose of pursuing settlement in the most efficient manner possible in terms of time, cost, and travel.

**WHEREFORE,** Defendants respectfully request that the Court grant their Unopposed Motion for Leave to Modify the Scheduling Order and allow the parties to attend the November 5, 2013 settlement conference via telephone, followed by a later in-person settlement conference if unsuccessful.

**Dated:** November 4, 2013                    **Respectfully submitted,**

/s/ Kirk Watkins

Linda M. Doyle (*pro hac vice*)
Kirk Watkins (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
227 W. Monroe, Suite 4400
Chicago, Illinois 60606
T: (312) 372-2000
F: (312) 984-7700

Amy B. Boyea (State Bar No. 24026910)
EDISON, MCDOWELL & HETHERINGTON LLP
2000 East Lamar Blvd, Suite 590
Arlington, Texas 76006
T: (817) 635-7300
F: (817) 635-7308

**ATTORNEYS FOR DEFENDANTS, THE
HEICO COMPANIES, LLC, S-LINE, LLC,
AND ANCRA INTERNATIONAL, LLC**

**CERTIFICATE OF CONFERENCE**

On November 1, 2013, I contacted Yona Rozen, counsel for Plaintiff, by phone and email regarding this motion and we agreed that this motion would not be opposed.

*/s/ Kirk Watkins*
Kirk Watkins

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this 4th day of November, 2013. Any other counsel of record will be served by facsimile transmission and/or first class mail.

*/s/ Kirk Watkins*
Kirk Watkins

DM_US 46429074-1.047235.0010